*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* D. D. ROBINSON, JR., Minor.

UNPUBLISHED
December 22, 2025
2:00 PM

No. 374303
Wayne Circuit Court
Family Division
LC No. 2024-000607-NA

Before: GADOLA, C.J., and CAMERON and RICK, JJ.

PER CURIAM.

Respondent appeals the order terminating his parental rights to his child, DDR, under MCL 712A.19b(3)(b)(*i*) (parent caused physical injury and reasonable likelihood of harm), (g) (parent financially able to care for child but failed to do so), (j) (reasonable likelihood of harm if child is returned to parent's care), (k)(*iii*) (severe physical abuse), and (k)(v) (life-threatening injury). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

DDR was hospitalized for severe burns when he was approximately seven months old. Respondent claimed that these burns occurred because he put DDR in the bathtub without first checking the water temperature. Respondent, who was responsible for childcare while DDR's mother was at work, contended he did not notice the burns until changing DDR's diaper later. Respondent called DDR's mother, and they took DDR to the hospital. DDR had second- and third-degree burns on 15% of his body, including his chest, back, genitals, and thighs. Upon further examination, doctors found that DDR had bruising on his left temple, a bilateral subdural hematoma, broken blood vessels in his right shoulder and chest, and an approximately week-old rib fracture. DDR had to be transferred to intensive care due to respiratory failure and septic shock caused by a bacterial infection, and also began experiencing acute liver failure, the cause of which was unclear. Doctors also noted that DDR had tissue necrosis in his right fingertips. Respondent denied causing these injuries but had no reasonable explanation for how they may have occurred. DDR's doctors, however, suspected these injuries were likely the result of child abuse, and believed that respondent's bath-explanation was inconsistent with DDR's burn patterns. DDR was

in the hospital for over a month for treatment for his numerous injuries. Respondent subsequently pleaded guilty to second-degree child abuse, MCL 750.136b(3), and was imprisoned for DDR's injuries.

As a result of DDR's extensive injuries, the Michigan Department of Health and Human Services (DHHS) petitioned to terminate respondent's parental rights to DDR at the initial dispositional hearing. DDR was removed from respondent's care and placed with his mother. DDR's mother ejected respondent from their home after DDR was hospitalized and did not allow him to return. At the best-interests hearing, DDR's mother informed the trial court that DDR had burn marks across the majority of his body and had to have the fingertips of his right index, middle, and ring fingers amputated. He also had fat removed from his left leg that caused him to limp, and had to be brought to a burn clinic once a month for the rest of his life. DDR's mother strongly urged the trial court to terminate respondent's parental rights. She believed DDR would never have full mental stability from having to deal with his injuries for the rest of his life, but opined that "not having to look at the person that did this to him as a child will give him some sort of closure." The trial court terminated respondent's parental rights as noted. Respondent now appeals.

## II. STANDARD OF REVIEW

We review a trial court's best-interests determination for clear error. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Miller*, 347 Mich App 420, 425; 15 NW3d 287 (2023) (quotation marks and citation omitted).

## III. ANALYSIS

Respondent argues that the trial court erred because it failed to consider DDR's relative placement with DDR's mother as weighing against terminating his parental rights. We disagree.

A child's placement with a relative "is an explicit factor to consider in determining whether termination was in the [child's] best interests." *In re Olive/Metts Minors*, 297 Mich App 35, 43; 823 NW2d 144 (2012) (quotation marks and citation omitted). "In the past, a child's biological parent was not recognized in the definition of 'relative.' " *In re Boshell/Shelton*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 371973); slip op at 10. But the statute was recently amended to include parents as relatives. *Id.*; MCL 712A.13a(1)(j)(*i*). As such, the trial court was obligated to "explicitly address whether termination [was] appropriate in light of" DDR's placement with his mother. *In re Olive/Metts*, 297 Mich App at 43.

While a trial court must "explicitly address" a child's relative placement, *id.*, its underlying reasoning need not be so specific. "Brief, definite, and pertinent findings and conclusions on contested matters are sufficient." MCR 3.977(I)(1). Here, the trial court explicitly recognized DDR's placement with his mother multiple times during its best-interests determination. It reasoned that DDR's need for permanency, stability, and finality would be better served with his mother, and that, if it "were to deny [the termination petition], then custody could be sought, and the child would have to see the perpetrator of these acts on a regular basis, especially, as a child."

Given this reasoning, the record reflects that the trial court clearly recognized that DDR was placed with his mother but that termination was nonetheless in DDR's best interests. See, e.g., *In re Atchley*, 341 Mich App 332, 347; 990 NW2d 685 (2022) (recognizing that, while relative placement can weigh against termination, "that fact is not dispositive given that a trial court may terminate parental rights in lieu of placement with relatives if it finds that termination is in the child's best interests.") (Quotation marks and citation omitted).

Affirmed.

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Michelle M. Rick